UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

PROSKY, INC. and
CRYSTAL A. HUANG,

Defendants

and

T AND C PARTNERSHIP, LLC,

Relief Defendant.

Case No. 21-cv-07568-VSB

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/28/2021

**FINAL JUDGMENT AS TO DEFENDANTS PROSKY, INC. AND CRYSTAL A. HUANG
AND RELIEF DEFENDANT T AND C PARTNERSHIP, LLC**

The Securities and Exchange Commission having filed a Complaint and Defendants

ProSky ("Defendant ProSky") and Crystal A. Huang ("Defendant Crystal Huang") (collectively

"Defendants") and Relief Defendant T and C Partnership, LLC ("Relief Defendant T and C

Partnership") each having entered a general appearance; each consented to the Court's

jurisdiction over it or her and the subject matter of this action; each consented to entry of this

Final Judgment without admitting or denying the allegations of the Complaint (except as to

jurisdiction and except as otherwise provided herein in paragraph VII); each waived findings of

fact and conclusions of law; and each waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendants ProSky

and Crystal Huang are each permanently restrained and enjoined from violating, directly or

1

indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) the officers, agents, servants, employees, and attorneys of Defendant ProSky and/or Defendant Crystal Huang and (b) other persons in active concert or participation with Defendant ProSky and/or Defendant Crystal Huang or with anyone described in (a).

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants ProSky and Crystal Huang are each permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

(b)     to obtain money or property by means of any untrue statement of a material fact

or any omission of a material fact necessary in order to make the statements

made, in light of the circumstances under which they were made, not misleading;

or

(c)     to engage in any transaction, practice, or course of business which operates or

would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in

Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who

receive actual notice of this Final Judgment by personal service or otherwise: (a) the officers,

agents, servants, employees, and attorneys of Defendant ProSky and/or Defendant Crystal Huang

and (b) other persons in active concert or participation with Defendant ProSky and/or Defendant

Crystal Huang or with anyone described in (a).

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that pursuant to Section

21(d)(5) of the Exchange Act [15 U.S.C. § 78u(d)(5)], Defendant Crystal Huang is permanently

restrained and enjoined from directly or indirectly, including, but not limited to, through any

entity owned or controlled by her, participating in the issuance, purchase, offer, or sale of any

security, provided, however, that such injunctions shall not prevent her from purchasing or

selling securities listed on a national securities exchange for her own personal account.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in

Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who

receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant

Crystal Huang's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant Crystal Huang or with anyone described in (a).

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section 20(e) of the Securities Act [15 U.S.C. § 77t(e)] and Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)], Defendant Crystal Huang is prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants ProSky and Crystal Huang are jointly and severally liable for disgorgement of $3,196,949.82, representing net profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $809,799.07.  Of these amounts, Relief Defendant T and C Partnership is jointly and severally liable with Defendants ProSky and Crystal Huang for disgorgement of $136,030, together with prejudgment interest thereon in the amount of $2,031.21.  Defendant Crystal Huang is also liable for a civil penalty in the amount of $700,000 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)].  Each Defendant or Relief Defendant shall satisfy her or its obligations as described in this paragraph by paying the total amount for which she or it is liable to the Securities and Exchange Commission within 30 days after entry of this Final Judgment.

Defendants ProSky and Crystal Huang and Relief Defendant T and C Partnership may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.   Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendants ProSky and Crystal Huang and Relief Defendant T and C Partnership  may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK  73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; the paying Defendant's or Relief Defendant's name as a defendant or relief defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

The paying Defendant or Relief Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action.  By making this payment, Defendant or Relief Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant or Relief Defendant.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by using all collection procedures authorized by law, including, but not limited to, moving for civil contempt at any time after 30 days following entry of this Final Judgment.

The Commission may enforce the Court's judgment for penalties by the use of all collection procedures authorized by law, including the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 *et seq.,* and moving for civil contempt for the violation of any Court orders

issued in this action.  Defendants and Relief Defendant shall pay post judgment interest on any amounts due after 30 days of the entry of this Final Judgment pursuant to 28 U.S.C. § 1961.  The Commission shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

The Commission may propose a plan to distribute the Fund subject to the Court's approval.  Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002.  The Court shall retain jurisdiction over the administration of any distribution of the Fund and the Fund may only be disbursed pursuant to an Order of the Court.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes.  To preserve the deterrent effect of the civil penalty, Defendant Crystal Huang shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendant Crystal Huang's payment of disgorgement in this action, argue that she is entitled to, nor shall she further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset").  If the court in any Related Investor Action grants such a Penalty Offset, Defendant Crystal Huang shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs.  Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment.  For purposes of this paragraph, a "Related Investor Action" means a private damages

action brought against Defendant Crystal Huang by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent of each Defendant and Relief Defendant is incorporated herein with the same force and effect as if fully set forth herein, and Defendant ProSky, Defendant Crystal Huang, and Relief Defendant T and C Partnership shall comply with all of the undertakings and agreements set forth in her or its Consent.

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the Complaint are true and admitted by Defendants ProSky and Crystal Huang and Relief Defendant T and C Partnership, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendants ProSky or Crystal Huang or Relief Defendant T and C Partnership under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by the Defendants of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain

jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.


Dated:  _September 28_ , 2021

UNITED STATES DISTRICT JUDGE